BILL LOCKYER Attorney General CLAYTON P. ROCHE Deputy Attorney General
THE HONORABLE MICHAEL RAMSEY, DISTRICT ATTORNEY, COUNTY OF BUTTE, has requested an opinion on the following question:
May a school district, without issuance of a subpoena or court order or parental consent, allow the district attorney to view a videotape of an assault upon a student by another student that was recorded on the security camera of a school bus?
 CONCLUSION
A school district may, without issuance of a subpoena or court order or parental consent, allow the district attorney to view a videotape of an assault upon a student by another student that was recorded on the security camera of a school bus, depending upon the particular circumstances.
 ANALYSIS
Recently a student assaulted another student on a school bus. The attack was recorded on the security video camera located inside the bus. The district attorney has requested to view the videotape before determining whether criminal charges should be filed, juvenile justice system proceedings should be instituted, or some other alternative program should be considered in dealing with the student assault. May the school district release the videotape to the district attorney without a subpoena, court order, or the consent of the student's parents? We conclude that it may, depending upon the particular circumstances presented.
1. California Law
The Legislature has enacted a comprehensive statutory scheme (Ed. Code, §§ 49060-49083)[1] governing the disclosure of student records by a school district. The law generally prohibits the release of student records without parental consent but authorizes exceptions in particular circumstances. A "pupil record" for purposes of this legislation is defined in section 49061, subdivision (b):
 "`Pupil record' means any item of information directly related to an identifiable pupil, other than directory information, which is maintained by a school district or required to be maintained by an employee in the performance of his duties whether recorded by handwriting, print, tapes, film, microfilm or other means.
 "`Pupil record' shall not include informal notes related to a pupil compiled by a school officer or employee which remain in the sole possession of the maker and are not accessible or revealed to any other person except a substitute. For purposes of this subdivision, `substitute' means a person who performs the duties of the individual who made the notes on a temporary basis, and does not refer to a person who permanently succeeds the maker of the notes in his or her position."
"Directory information" is defined in subdivision (c) of section49061 as follows:
 "`Directory information' means one or more of the following items: student's name, address, telephone number, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous public or private school attended by the student."
A videotape from a security camera would not constitute "directory information" (§ 49061, subd. (c)) but would contain "information directly related to an identifiable pupil" (§ 49061, subd. (b)). Is the videotape in question to be "maintained by a school district" for purposes of constituting a pupil record? The school district may wish to maintain the videotape for disciplinary purposes (see §§ 48900-48926) similar to obtaining and filing an incident report prepared by the bus driver describing the assault. On the other hand, the district may determine that it need not maintain the videotape for any purpose. In the latter case, not only could the district attorney view the videotape, he could retain it since it would not meet the definition of a pupil record.
Assuming the school district decides to maintain the videotape, we believe the videotape would come within the scope of section 49061
as a pupil record. As such, the videotape could be viewed by the district attorney under the following provisions of section 49076:
 "A school district is not authorized to permit access to pupil records to any person without written parental consent or under judicial order except that:
 "(a) Access to those particular records relevant to the legitimate educational interests of the requester shall be permitted to the following:
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(9) Any probation officer or district attorney for the purposes of conducting a criminal investigation or an investigation in regards to declaring a person a ward of the court or involving a violation of a condition of probation.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
The videotape in question may thus be released to the district attorney "for the purposes of conducting a criminal investigation or an investigation in regards to declaring a person a ward of the court or involving a violation of a condition of probation." A release for one of these purposes would not require a subpoena, court order, or parental consent.
Under California law, therefore, a school district may, without issuance of a subpoena or court order or parental consent, allow the district attorney to view a videotape of an assault upon a student by another student that was recorded on the security camera of a school bus.
2. Federal Law
Congress has similarly enacted comprehensive legislation governing the disclosure of student records by those school districts that accept federal funds for their educational programs. The controlling federal statute is section 1232g of title 20 of the United States Code,[2]
which provides in part:
 "(a)(1)(A) No funds shall be made available under any applicable program to any educational agency or institution which has a policy of denying . . . the parents of students . . . the right to inspect and review the education records of their children. . . .
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(3) For the purposes of this section the term `educational agency or institution' means any public or private agency or institution which is the recipient of funds under any applicable program.
 "(4)(A) For the purposes of this section, the term `education records' means, except as may be provided otherwise in subparagraph (B), those records, files, documents, and other materials which —
 "(i) contain information directly related to a student; and
 "(ii) are maintained by an educational agency or institution or by a person acting for such agency or institution.
 "(B) The term `education records' does not include —
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(ii) records maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement;
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(b)(1) No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information, as defined in paragraph (5) of subsection (a) of this section) of students without the written consent of their parents to any individual, agency, or organization, other than to the following —
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(E) State and local officials or authorities to whom such information is specifically allowed to be reported or disclosed pursuant to State statute adopted —
 "(i) before November 19, 1974, if the allowed reporting or disclosure concerns the juvenile justice system and such system's ability to effectively serve the student whose records are released, or
"(ii) after November 19, 1974, if —
 "(I) the allowed reporting or disclosure concerns the juvenile justice system and such system's ability to effectively serve, prior to adjudication, the student whose records are released; and
 "(II) the officials and authorities to whom such information is disclosed certify in writing to the educational agency or institution that the information will not be disclosed to any other party except as provided under State law without the prior written consent of the parent of the student.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
 "(f) The Secretary shall take appropriate actions to enforce this section and to deal with violations of this section, in accordance with this chapter, except that action to terminate assistance may be taken only if the Secretary finds there has been a failure to comply with this section, and he has determined that compliance cannot be secured by voluntary means.
 ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."
Do the requirements of federal law for those California school districts accepting federal funds override state law with respect to the disclosure of student records?
The federal grants are given under Congress' spending clause power. Clause 1 of section 8 of article I of the United States Constitution states:
 "The Congress shall have power to lay and collect taxes, duties, imposts and excises, to pay the debts and provide for the common defense and general welfare of the United States; but all duties, imposts and excises shall be uniform throughout the United States."
In South Dakota v. Dole (1987) 483 U.S. 203, 206-207, the United States Supreme Court described Congress' authority to impose conditions upon the receipt of federal funds:
 "The Constitution empowers Congress to `lay and collect Taxes, Duties, Imposts, and Excises, to pay the Debts and provide for the common Defense and general Welfare of the United States.' Art. I, § 8, cl. 1. Incident to this power, Congress may attach conditions on the receipt of the federal funds, and has repeatedly employed the power `to further broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives.' [Citations.] The breadth of this power was made clear in United States v. Butler, 297 U.S. 1, 66 (1936), where the Court, resolving a longstanding debate over the scope of the Spending Clause, determined that `the power of Congress to authorize expenditure of public moneys for public purposes is not limited by the direct grants of legislative power found in the Constitution.' Thus, objectives not thought to be within Article I's `enumerated legislative fields,' id., at 65, may nevertheless be attained through the use of the spending power and the conditional grant of federal funds."
We believe that restricting the disclosure of student records by a school district receiving federal funds is constitutional. As explained in South Dakota v. Dole, supra, 483 U.S. 203, Congress' exercise of the spending power must (1) be in pursuit of the general welfare, (2) have any conditions imposed done so unambiguously, (3) have the conditions related to the federal interest in the particular national program, and (4) not be in conflict with any other constitutional provision. (Id. at pp. 207-208.) Restricting the disclosure of student records by a school district receiving federal funds generally meets these four requirements.
Regardless of the constitutionality of section 1232g, or questions concerning how it is to be enforced, we believe here it is possible to comply with both California and federal law in allowing the district attorney to view the videotape of the student assault. First, the federal requirements are wholly inapplicable if the school district does not receive federal funds. (§ 1232g(a)(3).) Second, similar to our analysis of state law, the videotape would not constitute an "education record" if it is not "maintained" by the school district for any purpose. (§ 1232g(a)(4)(A)(ii); see Bauer v. Kincaid (W.D.Mo. 1991)759 F. Supp. 575, 590-591.)
Third, assuming that the videotape is being maintained by the school district, the videotape would be excluded from the federal requirements if it is being maintained by "a law enforcement unit" of the school district. (§ 1232g(a)(4)(B)(ii).) A security camera on a school bus may reasonably be expected to be operated by a unit of the school district involved in law enforcement. Under the federal regulations implementing section 1232g, "law enforcement unit" is defined as follows:
 "(1) Law enforcement unit means any individual, office, department, division, or other component of an educational agency or institution, such as a unit of commissioned police officers or non-commissioned security guards, that is officially authorized or designated by that agency or institution to —
 "(i) Enforce any local, State, or Federal law, or refer to appropriate authorities a matter for enforcement of any local, State, or Federal law against any individual or organization other than the agency or institution itself; or
 "(ii) Maintain the physical security and safety of the agency or institution.
 "(2) A component of an educational agency or institution does not lose its status as a law enforcement unit if it also performs other, non-law enforcement functions for the agency or institution, including investigation of incidents or conduct that constitutes or leads to a disciplinary action or proceedings against the student." ( 34 C.F.R. § 99.8(a) (2000).)
Presumably a security camera on a school bus would be under the control of an individual employed by the school district to maintain the physical security and safety of the school district. As such, the videotape would not constitute an "education record" for purposes of the federal law. In this manner, California and federal law may be harmonized in allowing the district attorney to view the videotape without first obtaining a subpoena, court order, or parental consent.
Finally, federal law authorizes the disclosure of "education records," assuming the videotape to be one, to state and local officials under provisions of state law. (§ 1232g(b)(1)(E).) As set forth above, California law allows disclosure to the district attorney in the circumstances presented. This California law, enacted in 1976 (Stats. 1976, ch. 1010, § 2) is to be followed if the "disclosure concerns the juvenile justice system and such system's ability to effectively serve, prior to adjudication, the student whose records are released" and the recipient of the information agrees not to disclose it without parental consent except as authorized by state law. (§ 1232g(b)(1)(E)(ii).)
Under this federal exception, the district attorney's viewing of the videotape would "concern" the juvenile justice system. Depending upon what is portrayed on the videotape, the district attorney may determine whether juvenile justice system proceedings should be instituted or possibly avoided through an early delinquency intervention program. The videotape would provide the district attorney with information allowing him to identify and intervene with a juvenile at risk of delinquency. Thus, the district attorney, as an integral part and agency of the juvenile justice system in California, must be able to view the videotape to allow the juvenile justice system "to effectively serve, prior to adjudication, the student whose records are released." (§ 1232g(b)(1)(E)(ii).)
The federal regulations implementing section 1232g support our construction of the statute. (34 C.F.R. § 99.38 (2000).) Moreover, in discussing the requirements of section 1232g(b)(1)(E)(ii), the Secretary of Education stated:
 "The Secretary believes that each school, working in conjunction with State and local authorities, can best determine whether a release of personally identifiable information from an education record `concerns the juvenile justice system's ability to effectively serve a student prior to adjudication.' Thus, the regulations give schools flexibility in determining whether an education record of a juvenile may be released without the prior written consent of the parent." (Family Educational Rights and Privacy, analyses of comments and changes, 61 Fed.Reg. 59292, 59295 (Nov. 21, 1996).)
Accordingly, we believe that a school district may comply with both California and federal law in allowing a district attorney to view a videotape of a student assault recorded on the security camera of a school bus. Certainly, the Legislature has expressed its intent for state law to be consistent with federal law regarding the disclosure of student records. (Ed. Code, § 49060) We find no inconsistency in the application of the two legislative schemes in allowing disclosure here, depending upon the particular circumstances presented.
We conclude that a school district may, without issuance of a subpoena or court order or parental consent, allow the district attorney to view a videotape of an assault upon a student by another student that was recorded on the security camera of a school bus, depending upon the particular circumstances presented.
[1] All references to the Education Code prior to footnote 2 are by section number only.
[2] All references hereafter to title 20 of the United States Code are by section number only.